# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DAVID ROSARIO; SONYA EALY,

    Plaintiff(s),

vs.

RECONTRUST COMPANY; FANNIE MAE and BANK OF AMERICA,

    Defendant(s).

Case No. 2:10-cv-1759-RLH-RJJ

**O R D E R**
(Motion to Dismiss–#4)

    Before the Court is Defendants' **Motion to Dismiss** (#4, filed October 18, 2010). Defendants also filed a Request for Judicial Notice (#5), attaching documents filed in the Clark County Recorder's Office and recent judicial decisions.  The Court takes notice of the documents filed with the County Recorder.  It is unnecessary to take judicial notice of the judicial decisions. On November 10, 2010, Defendants filed a Request for Entry of Order Dismissing Case Due to Plaintiffs' Non-Opposition (#15).  No Opposition has been received from either Plaintiff.

    Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted.  *Abbott v. United Venture Capitol, Inc.* 718 F.Supp. 828, 831 (D. Nev. 1989).  It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law.  *United States v. Hvass*, 355 U.S. 570, 574-575 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995).  The

United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Kentucky v. Miller*, 394 U.S. 100, 89 S. Ct. 766 (1969). The Motion can be granted on that basis alone. However, the Court finds that the Motion should also be granted on the merits.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While a pleading generally need not contain detailed allegations, it must allege sufficient facts to raise a right to relief above the speculative level. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).) Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. At 1949 (internal citations omitted).

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the court must accept as true all factual allegations in the complaint. *Id*. at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id*. At 1950; *Warren W. Fox Family Worldwide, Inc.* 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements also do not suffice. *Iqbal*, 129 S. Ct. 15 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." Id. at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "al-

leged–but not shown–that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

      Plaintiffs' simple allegation in the Complaint, that the Defendants falsely and fraudulently reported to the multiple listing service that Plaintiff Ealy had sold the aforesaid parcel of real estate, is untrue. Defendants never reported that Plaintiff Ealy had sold the property. In fact the property was sold at a foreclosure sale on August 18, 2010, before the Complaint was filed.

      The inferred, but unstated, suggestion in the Complaint that Defendants were without power to conduct the foreclosure sale, is contrary to the law reflected in many decisions by this Court. Plaintiffs stopped making payments on their mortgage in September 2009, over a year ago. A foreclosure sale was legally and duly conducted. Therefore, Plaintiffs' Quiet Title claim in Count 8 has no basis in fact or law and the Complaint fails to state a claim with regard to that Count.

      The Complaint does not contain the required statement of facts to describe circumstances constituting fraud, with particularity as required by the Federal Rules of Civil Procedure 9. *See berry v. Valence Tech., Inc.*, 175 F.3d 699, 706 (9th Cir. 1999). The Complaint fails to plead facts as to time, place, and substance of the fraud or the alleged wrongful acts.

      There are no allegations of *facts* which indicate a problem with loan origination. They do not allege facts which establish any fiduciary duty on the part of Defendants. The Complaint fails to identify false representations that were intended to induce Plaintiffs to rely on those representations.

      There are no facts alleged to support the claim for negligence, or to establish a duty of care to substantiate such a claim. Furthermore, the negligence claim is barred by the economic loss doctrine which precludes recovery in tort for purely economic loses.

      In short, Plaintiffs' Complaint fails to meet the *Twombly* and *Iqbal* tests and fails, as a matter of law, to state any claim upon which relief can be granted.

/ / / /

1  IT IS THEREFORE ORDERED that Defendants' **Motion to Dismiss** (#4) is GRANTED, and this matter is dismissed.

Dated: November 30, 2010.

_____
Roger L. Hunt
Chief United States District Judge